[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit

No. 92-2089

VILMA E. RIVERA, ET AL.,

Plaintiffs, Appellants,

v.

CORPORACION INSULAR DE SEGUROS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, U.S. District Judge]

Before

Selya, Cyr, and Stahl,
Circuit Judges.

David Efron on brief for appellants.

Efren T. Irizarry Colon, Elisa M. Figueroa-Baez and Law Offices

Irizarry-Colon on brief for appellees.

July 30, 1993

Per Curiam. Plaintiffs Vilma E. Rivera and Victor

Otero challenge the district court's decision to grant

defendant Corporacion Insular de Seguros's ("CIS's") motion

for judgment as a matter of law, see Fed. R. Civ. P. 50, on

plaintiffs' negligence claim. Finding no error in the

decision below, we affirm.

We summarize only the relevant facts. This is a

medical malpractice case which plaintiffs brought on behalf

of their daughter Vivian, who was injured during childbirth

as a result of a doctor's alleged negligence. In their

original complaint, plaintiffs sued the doctor involved, CIS,

the hospital's insurance carrier, and several unnamed

insurance companies. Before trial, however, plaintiffs

settled with the doctor. Subsequently, plaintiffs amended

their complaint to state a direct action against CIS for

negligence, and the case then proceeded to trial against CIS.

At the close of the evidence, CIS moved for judgment as a

matter of law, arguing that plaintiffs' claim had not been

filed within the time specified in the policy. Finding merit

in that argument, the district court granted the motion.

This appeal followed.

Plaintiffs' central contention is that CIS, by not

specifically pleading it, waived the affirmative defense upon

which the district court relied to grant the Rule 50 motion.

We do not agree. In its answer, CIS included the following

-2-
2

statement under the heading of "Affirmative Defenses":

"[W]hatever policy may ha[ve] been issued to [the hospital],

if any, would be limited to its terms, clauses and conditions

and by its limit of coverage." Plaintiffs were therefore on

notice that CIS would defend on the basis of the terms of the

policy, and, having had the policy in their possession well

before the trial date, can hardly claim surprise at CIS'

reliance upon its express terms as support for its Rule 50

motion. Cf. Mitchell v. Jefferson County Bd. of Educ., 936

F.2d 539, 544 (11th Cir. 1991) ("Liberal pleading rules

require a court to determine whether a plaintiff has notice

that a defendant is relying on an unpled affirmative defense

and whether the plaintiff can legitimately claim surprise and

prejudice from a failure to plead the defense

affirmatively."). See also Valle v. Heirs of Julio

Wiscovitch & The Globe Indemnity Co., 88 P.R.R. 84, 88 (1963)

("The purpose of the rule [that affirmative defenses must be

pleaded] is to avoid surprises."); 5 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure 1274

(1990) ("An affirmative defense may be pleaded in general

terms and will be held to be sufficient, and therefore

invulnerable to a motion to strike, as long as it gives

plaintiff fair notice of the nature of the defense.").1

1. Plaintiffs rely upon Valle, 88 P.R.R. at 88-89, to argue

that CIS waived its defense under Puerto Rico law. In that
case, the court held that an allegation in an answer that the

-3-
3

Accordingly, we agree with the district court's conclusion

that CIS did not waive the defense upon which its Rule 50

motion was based.

Moreover, having carefully reviewed plaintiffs'

remaining arguments, we find each of them to be without

merit. We further find that the appeal presents no

substantial question, and we therefore deny plaintiffs'

motion for oral argument and summarily affirm pursuant to

Local Rule 27.1.

insurance "policy `was subject to the clauses and
restrictions appearing therein,'" was not sufficient to put
the plaintiff on notice that the insurer would assert the
insured's "lack of cooperation" as a defense at trial. Id.

at 89. The court reasoned that, based on the aforementioned
clause, the insured would have no way of discerning the
specific defense the insurer intended to use at trial. Id.

at 88-89.
The instant case does not, however, raise the same
notice concerns. CIS stated as an affirmative defense that
its liability was limited by the terms of the policy. At
trial, CIS argued simply that a claim was not filed within
the date specified in the policy. As plaintiffs had the
policy well before trial, they cannot claim lack of notice of
that defense. In our view, therefore, plaintiffs' reliance
upon Valle is unavailing. In any event, the requirements for

pleading affirmative defenses are procedural and, therefore,
depend on federal law, not Commonwealth law.

-4-
4